NORTHERN DISTRICT OF TEXAS - FORT WORTH DIVISION

| | |
|---|---|
| NEW MISSIONS GLOBAL, LLC,<br>    *Plaintiff,* | §<br>§<br>§   Case No. 4:20-cv-250 |
| v. | §<br>§ |
| YANG CINDY XU,<br>    *Defendant* | §<br>§<br>§ |

## JOINT STATUS REPORT

Pursuant to the Court's Order and Federal Rule of Civil Procedure 26(f), Plaintiff New Missions Global, LLC ("Plaintiff") and Defendant Yang Cindy Xu ("Defendant") file this joint status report.

(1)   A brief statement of the claims and defenses:

A.   Plaintiff:

Defendant volunteered as Hugh Parmer's assistant while he was in the process of creating Plaintiff New Missions Global, LLC, a non-profit organization which at the time had no income and was staffed exclusively by volunteers.

Defendant Xu has committed fraud upon the Copyright Office by registering works authored by Hugh Parmer as her own, and deliberately interfered with a $450,000 contract in an effort to extort money from Plaintiff, ostensibly as payment for the work she performed during her time as a volunteer.

Plaintiffs claim tortious interference in the contract and seek a declaration of the invalidity of the copyrights registered by Defendant.

B.   Defendant:

The facts underlying Defendant's defenses are set forth in detail in Defendant's Motion to Dismiss. Defendant is the author of numerous works relating to the creation and development of the NMG Humanitarian Leadership program. Defendant sought and obtained copyright protection for these works, and therefore Plaintiff's "Fraud on the Copyright Office" claim is without merit.

After Defendant was dismissed from NMG for refusing to agree to Plaintiff's continued sexual demands, Defendant was justified in notifying Texas A&M University of Plaintiff's attempted improper use of her copyright-protected works, as well the continued sexual manipulation of Defendant by Plaintiff.

Defendant seeks dismissal of Plaintiff's state law tortious interference claim pursuant to the Texas "Anti-SLAPP" statute. Defendant further contends Plaintiff is not entitled to relief under the Texas Declaratory Judgment statute.

(2)   <u>A proposed time limit to file motions for leave to join other parties:</u>

November 2, 2020

(3)   <u>A proposed time limit to amend the pleadings:</u>

November 2, 2020

(4)   <u>Proposed time limits to file various and dispositive motions:</u>

February 15, 2021

(5)   A proposed time limit for initial designation of experts:

October 5, 2020

(6)   A proposed time limit for responsive designation of experts:

November 2, 2020

(7)   A proposed time limit for objections to experts (i.e., Daubert, etc.):

January 4, 2021

(8)   A proposed plan and schedule for discovery:

Defendant claims that discovery in this matter is currently stayed pending resolution of her *Motion to Dismiss Pursuant to the Texas Citizens Participation Act* ("Motion to Dismiss"). Defendant's Motion to Dismiss shall be heard on or before July 3, 2020. Plaintiff's response to said Motion shall be due two weeks prior to hearing and Defendant's reply , if any, shall be due a week prior to hearing.

The parties agree to exchange initial disclosures no later than seven days after the ruling on the Motion to Dismiss, unless an appeal is taken, during which all discovery will be stayed.

Factual and expert discovery should be completed by April 30, 2021.

No necessity exists for phased discovery.

(9)   Suggested changes to the limitations on discovery:

Plaintiff has already taken four hours of deposition testimony of Defendant pursuant to its TRCP 202 Petition. Defendant contends Plaintiff should be limited to an additional two hours of deposition testimony. Plaintiff disagrees with that limitation, as it was only allowed limited discovery in the Rule 202 deposition.

(10)   Proposed means for disclosure concerning ESI:

Parties will seek electronic discovery on the subjects listed above and will agree to redactions to protect personal facts as appropriate.

(11)   Proposals regarding necessary privileged or trial-preparation material:

None at this time.

(12)   Proposed trial date and estimated length, notice of jury demand:

June 2021. Parties estimate a trial not extending beyond three days. Plaintiffs demand a jury trial and hereby give notice of same.

(13)   A proposed date for further settlement negotiations:

Multiple attempts to reach a settlement of this matter have already been made. Plaintiff at this time can see no possibility of agreement. Defendant believes that the case has a chance to settle. The parties will, however, continue to seek opportunities to settle.

(14)   Objections to Rule 26(a)(1), other modifications, disclosure deadline:


Given the pendency of the "Anti-SLAPP" motion to dismiss, the Defendant seeks permission from the Court to alter the initial disclosure deadlines as set forth above.

(15) <u>Whether the parties will consent to trial before a magistrate judge:</u>

The parties will not consent.

(16) <u>Concerning options and timing of mediation/arbitration to resolve the suit:</u>

Plaintiff does not believe that mediation or arbitration will resolve this suit; the parties' counsel are sufficiently professional that settlement will be considered without involvement or cost of third party guidance.

Defendant believes that mediation would be beneficial, given that the parties have exchanged numerous settlement offers, and are closer to settling than when the dispute began.

(17) <u>Other proposals regarding scheduling and discovery appropriate to this suit:</u>

None.

(18) <u>Whether a conference with the Court is desired:</u>

No conference is necessary or desired at this time.

(19) <u>Any other matters relevant to the status and disposition of this case:</u>

None at this time.

Respectfully submitted,

NORRED LAW, PLLC

By: */s/Warren V. Norred*

| | |
|---|---|
| Warren V. Norred, Bar No. 24045094 | Elizabeth "Betsy" Parmer |
| wnorred@norredlaw.com | Texas Bar No. 00786154, |
| C. Chad Lampe, Bar No. 24045042 | office@betsyparmer.com |
| chad@norredlaw.com | 309 W. 7th Street; 9th Floor, Ste. 900 |
| 515 E. Border St.; Arl. Texas 76010 | Fort Worth, Texas 76102 |
| O: (817) 704-3984, F: (817) 524-6686 | O: (817)877-1224; F: (817)877-3724 |
| ATTORNEYS FOR PLAINTIFF | |

Lane Odom
Texas Bar No. 15202600
lodom@berryodom.com
Berry Odom, LLP
611 9th Ave.; Fort Worth, Texas 76104
O: 817-850-4200, F: 817-546-3210
ATTORNEY FOR DEFENDANT


CERTIFICATE OF CONFERENCE - I certify that I served this document through the Court's ECF system on June 5, 2020.

/s/Warren V. Norred
Warren V. Norred, Bar No. 24045094